HUBBARD and another vs. GALUSHA.

*Failure of consideration. — Partners — knowledge of one, knowledge of all.*

1. Where a promissory note was given for fruit trees, with a verbal understanding that only those trees were to be paid for that lived: *Held,* that, the trees not living, the maker of the note could defend against the payee on the ground of failure of consideration.

2. The payee being one of the copartners in whose name the suit was brought, the same defense was available against them.

3. Notice or knowledge affecting one of several copartners, affects all.

APPEAL from the Circuit Court for *Eau Claire* County.

This action was commenced in a justice's court, by *Hubbard* and *Bennett*, copartners, on a promissory note executed by the defendant to *Bennett*, or bearer. The nature of the defense relied on appears from the opinion. The case was tried by a jury before the justice, and a verdict found for the plaintiffs, for $7.44, damages. From a judgment on the verdict the defendant appealed to the circuit court, where the cause was heard on the original papers and return of the justice, and the judgment reversed. The plaintiffs then appealed to this court.

*Cousins & Bartlett* and *J. E. Stillman*, for appellants.

*A. Meggett*, for respondent.

Cole, J. The defense to the note sued on was a partial or total failure of consideration. There is no doubt but this defense was available, since the note was given to one of the plaintiffs, who was a partner of the other. Of course, this defect in the note might be shown as between the original parties, or as to one taking the same with notice thereof; and it is a familiar rule of law that notice or knowledge of any one partner is notice or knowledge affecting all the rest, or rather the partnership as a whole. The want or failure of consideration might, then, be insisted on as a defense to the action. From the return of the justice of the testimony taken on the trial, it appears that the note was given for some fruit trees. It likewise appears that the understanding was, between the maker and payee, that only those trees were to be paid for which lived. There is no conflict of testimony upon this point, as we understand the return. And the proof is that but four of the trees lived, the price of which was a dollar. Now the verdict of the jury is entirely unsupported by the evidence. The jury erred in allowing the plaintiffs pay for trees which died, and which the defendant was not to pay for.

*By the Court.*—The judgment of the circuit court is affirmed.