REMINGTON, Plaintiff in error, vs. THE DETROIT DENTAL MAN-UFACTURING COMPANY, Defendant in error.

*November 4 — November 22, 1898.*

*Promissory notes: Contemporaneous oral agreement: Consideration: Evidence.*

An oral agreement made at the time of the execution of a promissory note, limiting the liability of a maker thereon, is no defense to an action on such note, and evidence thereof is inadmissible.

2. Want of consideration is a perfect defense to an action on a promissory note as between the original parties, and it may be proved by parol evidence.

3. After R. had purchased and paid for a half interest in a dental furnace, and the furnace had been delivered to him, the agent of the vendor induced A. to purchase the other half interest and give his note for the price, and then requested R. to sign said note, telling him that he would not be held liable thereon. R. had not previously agreed to sign the note, and received nothing for so doing. *Held*, that there was no consideration for R.'s signature.

ERROR to review a judgment of the circuit court for St. Croix county: JAMES O'NEILL, Judge. *Reversed.*

This was an action upon a promissory note, commenced in justice's court. In the circuit court the action was tried without a jury. There, was no dispute in the facts, and the court found them to be, in substance, as follows:

That on the 29th of November, 1895, at the city of Eau Claire, the plaintiff in error and one Ames executed and delivered to the defendant in error their promissory note in writing, payable two months after date, for $24, with interest at eight per cent. per annum after due; that on the same day the note was given, and before its execution, the agent of the defendant in error applied to *Remington* to sell him a porcelain dental furnace, the price of which was $40; that *Remington* declined to invest so much money, and the agent proposed that he would get somebody to join *Remington* in the purchase, and thereupon went away from *Remington's* office, and came back later, and said he had gotten one Ames to take a half interest therein, to which arrangement *Remington* assented; that thereupon *Remington* paid $20 for a half interest in the furnace, and the agent went away, and returned with the note in suit, having thereon the signature of Ames, and requested *Remington* to sign it; that *Remington* thereupon stated that he had paid for his half, and did not care to sign it, and the agent said that he would not be liable on the note, but he wanted *Remington* to sign it simply to show that he had an interest in the furnace, whereupon *Remington* signed the note, and handed it back to the agent; that the agent left the furnace at the office of *Remington* when he paid for his half interest therein; that the note has been held and owned by the defendant in error ever since its execution, and that $5 was paid thereon by Ames, January 29, 1896.

The court concluded from these facts that *Remington's* half interest in the furnace had been fully delivered before the note was signed by him, but that as to the other half interest there had been no delivery or parting with the title, either to *Remington* or to Ames, before *Remington's* signature to the note, and that the defendant in error was entitled to judgment against *Remington* for the principal and interest due upon the note. Judgment was rendered in ac-

cordance with these findings, and *Remington* sued out his writ of error.

*Arthur H. Shoemaker*, for the plaintiff in error.

For the defendant in error the cause was submitted on a brief by *Frederick A. Teall*.

WINSLOW, J.   The alleged oral agreement by which *Remington* was not to be liable upon the note was no defense. A written contract cannot be varied or controlled by a contemporaneous oral agreement.   *Gillmann v. Henry*, 53 Wis. 465; *Kulenkamp v. Groff*, 71 Mich. 675; *S. C.* 1 L. R. A. 594, and note.   Want of consideration is, however, a perfect defense between the original parties to commercial paper as it is to any other contract, and parol testimony is competent to prove the absence or failure of consideration.   *Hubbard v. Galusha*, 23 Wis. 398.

In the present case the plaintiff in error had received the dental furnace, and paid in full for his share of it.   The agent then went to Dr. Ames, and procured Ames's note for the other half.   At this time the transaction seems to have been complete.   *Remington* had received the furnace, and paid his share.   He had not agreed to sign Ames's note.   The furnace was fully delivered.   It was incapable of partial delivery.   When the agent took Ames's note, the title to the other half of the furnace passed to Ames.   The defendant in error had no interest left in it, and could not retake it, even if the note was not paid when due.   When, therefore, the agent applied to *Remington* to sign the note, the transaction was closed, and the property fully delivered, and there was a mere debt owing by Ames to the defendant in error.   *Remington* received no consideration for his signature, nor did the defendant in error part with anything on the strength of the signature.   Clearly, there was no consideration for *Remington's* signature.   1 Daniel, Neg. Inst.

(4th ed.), § 185, and cases cited in note 5; *Turle v. Sargent*, 63 Minn. 211.

*By the Court.*— Judgment reversed, and action remanded with directions to dismiss the complaint.