WILD, INC., and Darrell R. Wild, general partners trading as Madison Hotel Associates, Appellants and Cross-Respondents,†

v.

CITIZENS MORTGAGE INVESTMENT TRUST, Respondent and Cross-Appellant,

The Prudential Insurance Company of America, Respondent.

Court of Appeals

No. 78–285. Submitted on briefs September 25, 1979.—Decided February 26, 1980.
(Also reported in 290 N.W.2d 567.)

† Petition to review denied.

For the appellants there were briefs by *Robert E. Cook, John J. Ottusch* and *Cook & Franke, S.C.,* of Milwaukee.

For the respondent and cross-appellant there were briefs by *Ralph J. Ehlinger, Thomas E. Whipp, Dennis L. Fisher, Diane S. Diel* and *Hoyt, Greene & Meissner, S.C.,* of Milwaukee.

For the respondent there was a brief by *Ralph Wm. Bushnell, Mark J. Wleklinski, Gregory E. Scallon* and *Stafford, Rosenbaum, Rieser & Hansen* of Madison.

Before Donlin, P.J., Foley, J., and Dean, J.

FOLEY, J.   Wild, Inc., a Wisconsin corporation, and Darrell Wild, its sole shareholder, are the only general partners in Madison Hotel Associates, a limited partnership. Through various financing agreements, Citizens Mortgage Investment Trust loaned the partnership $1 million, and The Prudential Insurance Company loaned the partnership $7 million to finance construction of a hotel. Wild and Wild, Inc., claim that these loans were usurious under sec. 138.05, Stats. The lenders claim that the loans were not usurious because sec. 138.05 (5) excepts loans to corporations. We conclude that the corporation exception should be applied to these loans, and we affirm the grant of summary judgment to the lenders.

Because usury laws are penal in nature, sec. 138.06 (2), they must be strictly construed in favor of the party against whom the penalty is invoked. *See State v. Tollef-*

*son,* 85 Wis.2d 162, 270 N.W.2d 201 (1978). A strict construction of the statute requires a broad construction of the corporation exception to the statute. *See* Annot., 63 A.L.R.2d 926 (1959). Furthermore, at common law, no rate of interest was illegal unless it was so great as to be unconscionable. *McLoughlin v. Malnar,* 237 Wis. 492, 297 N.W. 370 (1941). The usury statutes are, therefore, in derogation of the common law and must be strictly construed. *State ex rel. Chain O'Lakes Protective Ass'n v. Moses,* 53 Wis.2d 579, 193 N.W.2d 708 (1972).

Loans to corporations are excepted from the protections of the usury statutes because corporations are less likely to yield to the pressures of necessity and pay unwarranted interest rates. *Country Motors, Inc. v. Friendly Finance Corporation,* 13 Wis.2d 475, 109 N.W.2d 137 (1961). The policy behind the corporation exception is to allow corporations to attract capital by paying any interest they can afford. Because corporations generally have greater bargaining power than individuals and because corporate shareholders are protected by limited liability, this policy is a viable one. *Meadow Brook National Bank v. Recile,* 302 F.Supp. 62 (E.D. La. 1969).

If the loans here had been made directly to the corporation, it is clear that they would not be usurious. Wild contends, however, that when the corporation borrowed as one of the two general partners, the loans became usurious. He argues that neither he nor the limited partners should be deprived of the protection of the statute simply because one of the partners happens to be a corporation. Wild thus asks that we view the partnership as an independent entity in our consideration of what its rights are. This would be contrary to established case law.

Although a partnership is an independent entity for procedural and conveyance purposes, the substantive

rights are the aggregation of the rights of the partners. *Candler v. Hardware Dealers Mutual Insurance Company,* 57 Wis.2d 85, 203 N.W.2d 659 (1973). A partner barred from recovery cannot acquire a right of action by suing in the name of the partnership, and that which bars one partner generally bars the remaining partners from suing in the partnership name. 2 ROWLEY on PARTNERSHIP §49.12 (2d ed. 1960). A defense available against a partner is also available against the copartner. *Hubbard v. Galusha,* 23 Wis. 398 (1868). It follows that if one partner cannot assert a defense, the defense should not be available to the other partners. It would be absurd to permit collection of the loan against one partner and then allow another partner to recover a statutory penalty against the lender. *See Country Motors, Inc., supra.*

Wild argues that his position is analogous to that of a comaker who is entitled to the protection of usury laws even though the corporate comaker is not. Comakers, however, have joint and several liability on notes and have contribution rights against other comakers. 11 AM. JUR. 2d *Bills and Notes* §589 (1963). A general partner, on the other hand, has the right to have partnership assets applied to the partnership debts before the application of the partner's assets. *Reddington v. Franey,* 124 Wis.2d 590, 102 N.W.2d 1065 (1905). The position of a general partner is more analogous to that of a guarantor of a corporate loan, who is not protected by the usury laws. *Sundseth v. Roadmaster Body Corporation,* 74 Wis.2d 61, 245 N.W.2d 919 (1976).

With regard to the protection to be accorded the limited partners, some of whom are individuals, their only risk is their individual investment in the partnership. A limited partner is not personally liable for partnership debts. Section 179.08, Stats. Their position is

similar to that of a shareholder in a corporation. This is not substantively the type of interest the usury statute was designed to protect.

Finally, under current Wisconsin law, the loans are not usurious. Section 138.05(7) provides that the provisions of sec. 138.05 do not apply to loans of $150,000 or more. Although this exception was not in force at the time these loans were made and, therefore, does not apply here, we see in it an indication that the policy behind the usury law is the protection of borrowers of small sums of money. Anyone with the assets or financial backing needed to borrow over $150,000 is not the type of borrower who will be forced by necessity to agree to unwarranted interest rates.

Wild is within this category of borrower. He is a sophisticated real estate developer with extensive experience in dealing with lending institutions. He was assisted by counsel throughout his negotiations with the lenders. He freely negotiated these agreements with full knowledge of what he was doing and was able to borrow $8 million.

Based on our conclusion that these loans are excepted from the prohibitions of sec. 138.05, it is unnecessary for us to decide the other issues raised by Wild.

*By the Court.*—Judgment affirmed.