Jack R. WILLIAMS and Home Owners Services, Inc.,
n/k/a Insurance Protection Center, Inc., a Wisconsin corporation, Plaintiffs-Appellants,

v.

SECURITY SAVINGS & LOAN ASSOCIATION, a Wisconsin chartered savings and loan association, Defendant-Respondent.†

Court of Appeals

No. 83–2180. Submitted on briefs July 10, 1984.—
Decided August 22, 1984.
(Also reported in 355 N.W.2d 370.)

† Petition to review denied.

For the plaintiffs-appellants the cause was submitted on the briefs of *Frisch, Dudek & Slattery, Ltd.*, with *Edward A. Dudek, Michael J. Lund,* and *Andrew J. Guzikowski* of counsel, of Milwaukee.

For the defendant-respondent the cause was submitted on the briefs of *Schoendorf & Sorgi*, with *Michael L. Sorgi* and *Dan L. Sanford* of counsel, of Milwaukee.

Before Wedemeyer, P.J., Moser, J., and Michael T. Sullivan, Reserve Judge.

MOSER, J.   The question on this appeal is whether a loan to a corporation and an individual as coborrowers is subject to the usury law or is exempt from usury under sec. 138.05(5), Stats.   Jack R. Williams (Williams) and Home Owners Services, Inc. (Home Owners), obtained a $75,625 loan in 1975 to purchase real estate for office facilities from North Central Savings and Loan Association (North Central).   North Central later was merged into Security Savings and Loan Association (Security), the defendant in this action.   Home Owners

subsequently changed its name to Insurance Protection Center, Inc. (IPC).

The president and vice president of Home Owners, acting for the corporation, and Williams, acting individually, each signed a single note evidencing the loan. A clause in the 9.5% note provided for adjustment of the interest rate and the rate was raised once to 11.5%, and again in September, 1982, from 11.5% to 14.5%.

Williams and IPC filed a usury complaint after the second increase to 14.5% claiming the rate exceeded the maximum rate of 12% allowed by sec. 138.05(1)(a), Stats., in effect when the loan was made. Security filed a motion to dismiss the complaint for failure to state a claim because sec. 138.05(5), Stats., exempts corporations from the usury laws. Security argues that the corporate status of IPC, and its predecessor Home Owners, should prevent Williams, as an individual, from invoking the protection of the usury laws because the corporation and Williams were comakers of the note. The trial court agreed with Security and granted the motion to dismiss for failure to state a claim. The court said because usury laws are penal in nature they must be strictly construed. Williams and IPC were jointly and severally liable on the loan as comakers of the note, the court said, and this obligation was not divisible. Because one of the makers of the note was a corporation, the trial court concluded that neither party could avail itself of the usury laws.

■

A reviewing court is not bound by the trial court's conclusions of law.[1] The trial court's interpretation of sec. 138.05(5), Stats., was a question of law. Whether a complaint states a claim also is a question of law.[2] A

[1] *First Nat'l Leasing Corp. v. Madison,* 81 Wis. 2d 205, 208, 260 N.W.2d 251, 253 (1977).

[2] *First Nat'l Bank of Wis. Rapids v. Dickinson,* 103 Wis. 2d 428, 433, 308 N.W.2d 910, 912 (Ct. App. 1981).

complaint should be dismissed as legally insufficient only if it is quite clear that under no conditions can the plaintiff recover.[3] We will affirm the dismissal of a complaint for failure to state a claim only if, upon a review of the allegations contained therein, it appears to a certainty that no relief can be granted under any set of facts which plaintiffs could prove in support of them.[4] Our concern is not with whether Williams and IPC can actually prove their allegations, but whether the facts alleged, if proven, state a claim.[5]

In the complaint, Williams admitted that he signed the note individually and as a comaker with IPC. As comakers of the note, Williams and IPC are jointly and severally liable for the principal and interest on the loan. Williams, therefore, may be primarily liable on the note and he would have a right of contribution against his comaker IPC, and vice versa.[6] Williams or Security do not allege that Williams was merely a guarantor or an accommodation party on the note. If he were found to be an accommodation party or guarantor, the "corporate exception" clearly would apply to him and he would not be able to maintain a usury action as an individual.[7] Had the note originally designated Williams as a guarantor, he would not be entitled to maintain a usury action. If the loan was made to him as an individual, however, he should be allowed to invoke the protection of the usury laws.[8]

---

[3] *Queensbury v. Milwaukee County,* 106 Wis. 2d 685, 690, 317 N.W.2d 468, 471 (1982).

[4] *Id.*

[5] *Keller v. Welles Dep't Store of Racine,* 88 Wis. 2d 24, 28–29, 276 N.W.2d 319, 321 (Ct. App. 1979).

[6] 11 Am. Jur. 2d *Bill and Notes,* § 588 (1963).

[7] *See First Mut. Corp. v. Grammercy & Maine, Inc.,* 423 A.2d 680, 686 (N.J. Super. Ct. 1980); *Raby v. Commercial Banking Corp.,* 220 A.2d 659, 661 (Pa. Super. Ct. 1966).

[8] *See* 9 W. Fletcher, Cyclopedia of the Law of Corporations § 4290 (rev. vol. 1976); Annot., 63 A.L.R.2d 924, 929 (1959):

Both parties to this appeal argue that *Wild, Inc. v. Citizens Mortgage Investment Trust*[9] should control the resolution of the instant case. In *Wild*, a loan was made to a partnership in which the two general partners were a corporation and an individual who also was the sole shareholder in the corporation. The partners filed a usury action and summary judgment was granted the lenders. The court of appeals affirmed. Analyzing the case mainly in terms of partnership law, the court said the position of a general partner was analogous to that of a guarantor of a corporate loan who is not protected by the usury laws. If one partner cannot assert a defense, the defense should not be available to the other partner. The court also noted that a general partner would have partnership assets applied to partnership debts before application of his own assets. Therefore, the court held that the partners could not avail themselves of usury.

*Wild* is distinguishable from the instant action because the *Wild* court clearly left open the question of whether an individual comaker should be entitled to the protection of the usury laws when the corporate comaker is exempt from usury.

As noted above, Williams, as an individual borrower on the note, would have joint and several liability for the loan by Security. It follows logically that one who is potentially liable for the full amount of a loan should be entitled to seek protection under the usury law, despite the presence of a corporate coborrower. Usury laws are for the benefit of the public generally and, specifically, for the benefit of the individual borrower.[10]

"[C]omakers with a corporation, may assert the defense of usury in their own behalf, even though the corporation is precluded by statute from doing so."

[9] 95 Wis. 2d 430, 290 N.W.2d 567 (Ct. App. 1980).

[10] *State v. J.C. Penney Co.*, 48 Wis. 2d 125, 153, 179 N.W.2d 641, 656 (1970).

Loans to corporations were excepted from the usury statutes because corporations were thought to be less likely to yield to the pressures of necessity and pay unduly high interest rates. Corporations, as a matter of policy, were allowed to attract capital by paying any interest they could afford.[11]

Individuals, however, are the beneficiaries of the usury laws, and, as such, are entitled to seek protection from usurious interest rates. In addition, we note from the record that the lender initially relied primarily on Williams' individual credit history in granting the loan, not on Home Owners' credit rating. The trial court found that this was a loan to a corporation. Based on Williams' allegations it is conceivable that he might prove the loan primarily was made to him as an individual. If so, the loan could be characterized as an individual loan as easily as it could be called a corporate loan.

We hold that Williams' allegations were sufficient to state a claim in usury. This case has not yet reached the trial stage and we have only the parties' allegations on which to decide this issue. As such, we conclude that because Williams is alleged to be an individual to whom the benefits of the usury laws inure and because he is potentially liable for the full amount of the loan, dismissal of the case was improper.

*By the Court.*—Judgment reversed and cause remanded.

---

[11] *Wild, supra* note 9, at 432, 290 N.W.2d at 568.