Jeffrey M. MELZER, Plaintiff-Appellant,

MILWAUKEE MUTUAL INSURANCE COMPANY, Plaintiff-Respondent,

v.

COOPER INDUSTRIES, INC., Defendant-Respondent.

Court of Appeals

*No. 92–2305. Submitted on briefs May 18, 1993.—Decided June 9, 1993.*

(Also reported in 503 N.W.2d 291.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *James J. Jacobson* and *Brian J. Frank* of *Piette & Jacobson, S.C.* of Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *J. Ric Gass* and *Brian G. Cahill* of *Kravit, Gass & Weber, S.C.* of Milwaukee.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

ANDERSON, J.    Jeffery M. Melzer appeals from a judgment of the circuit court dismissing his complaint for failure to state a claim upon which relief can be granted. Melzer argues that the circuit court erred

when it held that a temporary employee was limited to the remedies of the worker's compensation statute and could not maintain a tort action against the temporary employer under the dual *persona* doctrine exception to the worker's compensation law. Because we conclude that the limited common law exceptions to the exclusivity of the worker's compensation statute are available to temporary employees, we reverse the judgment of the circuit court.[1]

This appeal is from a judgment granting a motion to dismiss for failure to state a claim upon which relief can be granted. For the purposes of this appeal, all of the facts pled in the complaint are accepted as true. *See Quesenberry v. Milwaukee County,* 106 Wis. 2d 685, 690, 317 N.W.2d 468, 471 (1982).

As an employee of Techstaff, Inc., a temporary help agency, Melzer was assigned to work at a division of Cooper Industries, Inc. A portion of Melzer's left index finger was severed by a hydraulic press while he was attaching an air hose. The hydraulic press was built by R.T.E. for use in its own operations. After the hydraulic press was put into operation and sometime before Melzer's injury, R.T.E. merged with Cooper.

Following his injury, Melzer filed a worker's compensation claim and received payments from Techstaff's worker's compensation carrier, Milwaukee

---

[1] We originally certified this appeal to the Wisconsin Supreme Court pursuant to sec. 809.61, Stats. The issue certified was whether the analysis of the dual *persona* doctrine in *Schweiner v. Hartford Accident & Indemnity Co.,* 120 Wis. 2d 344, 354 N.W.2d 767 (Ct. App. 1984), was carried through to its logical conclusion. The supreme court refused to accept certification. As an error correcting court we will limit our decision to the application of the dual *persona* doctrine to a temporary employment situation.

Mutual Insurance Company. Melzer then initiated this tort action against Cooper, the temporary employer, alleging negligence and product liability causes of action.

The circuit court granted Cooper's motion to dismiss, reasoning that secs. 102.03(2) and 102.29(6), Stats., are a temporary employee's exclusive remedies when injured at the workplace of a temporary employer.

Melzer argues that the statutory immunity given to temporary employers in sec. 102.29(6), Stats., is subject to the common law principle of the dual *persona* doctrine. According to Melzer, the dual *persona* doctrine allows an injured employee to maintain a tort action against the employer if the employer was acting in a *persona* distinct from its employer *persona*. Melzer relies upon *Schweiner v. Hartford Accident & Indemnity Co.,* 120 Wis. 2d 344, 354 N.W.2d 767 (Ct. App. 1984), where we first applied the dual *persona* doctrine in Wisconsin, and on *Henning v. General Motors Assembly Division,* 143 Wis. 2d 1, 419 N.W.2d 551 (1988), where the supreme court adopted the dual *persona* doctrine enunciated in *Schweiner* and rejected the dual capacity doctrine.

Melzer points out that under Wisconsin's business laws when R.T.E. was merged into Cooper, Cooper acquired R.T.E.'s tort liabilities. He contends that under the facts of this case, his tort action is not against Cooper as his temporary employer; rather, it is against Cooper as the successor corporation to R.T.E.'s liabilities.

Melzer recognizes that *Henning* and *Schweiner* do not involve a temporary employee and a temporary employer. However, he argues that it is fundamentally unfair to deny to a temporary employee the right to

maintain a tort action against Cooper when a regular employee of Cooper does have such a right.

In response, Cooper concedes that the dual *persona* doctrine is an exception to the exclusive remedy provision of sec. 102.03(2), Stats. However, Cooper contends that the dual *persona* doctrine does not apply to the broad immunity granted temporary employers in sec. 102.29(6), Stats.

In addition, Cooper argues that if the dual *persona* doctrine does apply, it still is not liable for Melzer's injuries. In providing the hydraulic press, Cooper asserts it was acting in the *persona* of an employer providing tools and equipment to its regular and temporary employees and not in the distinct and independent *persona* as successor to the broad liabilities of R.T.E.

Whether Melzer's complaint states a claim for relief is a question of law. *Williams v. Security Sav. & Loan Ass'n,* 120 Wis. 2d 480, 482, 355 N.W.2d 370, 372 (Ct. App. 1984). We are not bound by the circuit court's conclusions of law. *Id.* A complaint will be dismissed as legally insufficient only if it is unmistakable that under no circumstances can the plaintiff recover. *Id.* at 483, 355 N.W.2d at 372. The circuit court's dismissal of the complaint will be affirmed if, after our independent review, it appears to a certainty that the plaintiff is not entitled to relief under any set of facts which the plaintiff could prove in support of the claims set forth in the complaint. *Id.* Our concern is not whether the plaintiff can actually prove the allegations of the complaint, but whether the facts alleged, if proven, state a claim. *Id.*

It is elementary that the worker's compensation law is the exclusive remedy for an injured employee. Section 102.03(2), Stats., provides in part:

> [T]he right to the recovery of compensation under this chapter shall be the *exclusive remedy* against the employer, any other employe of the same employer and the worker's compensation insurance carrier. [Emphasis added.]

As a substitute for the common law, ch. 102, Stats., is a comprehensive package that attempts to achieve a compromise between the opposing interests of employers and employees. *See Martinez v. Ashland Oil, Inc.,* 132 Wis. 2d 11, 15, 390 N.W.2d 72, 74 (Ct. App. 1986). The worker's compensation law is an economic regulation that is an effort by the legislature to balance competing societal interests. *Id.* Generally, there are no exceptions to the exclusivity of the worker's compensation law.

In Wisconsin, one exception to the exclusivity of sec. 102.03(2), Stats., is the dual *persona* doctrine. This narrow exception may exist in the case of a merger where the employer has acquired a business and its liabilities and, standing in the shoes of the acquired business, the employer becomes a second *persona* completely independent and unrelated to its status as an employer. *See Henning,* 143 Wis. 2d at 14-15, 419 N.W.2d at 556.

The dual *persona* doctrine was first enunciated in Wisconsin in *Schweiner,* where we noted that as a condition for effectuating a merger under Wisconsin's business laws, the surviving corporation assumes responsibility for the liabilities of the acquired business. *Schweiner,* 120 Wis. 2d at 350, 354 N.W.2d at

771. We reasoned that the surviving corporation acquired a second function that generated obligations unrelated to those obligations flowing from its function as an employer. *Id.* at 352, 354 N.W.2d at 772. The decision in *Schweiner* is based on an elementary axiom: assuming proof of negligence, the acquired business could have been subject to liability for the injured employee's accident as a third party, pursuant to sec. 102.29(1), Stats., had it not been for the merger.[2] *Id.* at 348, 354 N.W.2d at 770.

We now must decide if sec. 102.29(6), Stats., gives a temporary employer blanket immunity from all tort actions when the temporary employee receives worker's compensation from a temporary help agency or its worker's compensation insurance carrier. Section 102.29(6) provides:

> No employe of a temporary help agency who makes a claim for compensation may make a claim or maintain an action in tort against any employer who compensates the temporary help agency for the employe's services.

Melzer urges us to extend the dual *persona* doctrine to situations governed by sec. 102.29(6), Stats. He argues that there is no reason to construe sec. 102.29(6) differently from sec. 102.03(2), Stats. He bases his

---

[2] Section 102.29(1), Stats., provides in part:

The making of a claim for compensation against an employer or compensation insurer for the injury . . . of an employe shall not affect the right of the employe . . . to make claim or maintain an action in tort against any other party for such injury . . . hereinafter referred to as a 3rd party; nor shall the making of a claim by [an injured employe] against a 3rd party for damages by reason of an injury to which ss. 102.03 to 102.64 are applicable, or the adjustment of any such claim, affect the right of the injured employe 8 to recover compensation.

argument on the concept that under either statute the injured employee"regular or temporary"must be afforded the right to maintain a tort action against an employer"regular or temporary"that acted in a distinctly different *persona* than as an employer.

Cooper counters that the tort immunity of sec. 102.29(6), Stats., is different than the exclusive remedy principles of sec. 102.03(2), Stats. Relying on *Gansch v. Nekoosa Papers, Inc.,* 158 Wis. 2d 743, 751-52, 463 N.W.2d 682, 685 (1990), Cooper argues that the sole purpose of sec. 102.29(6) is to prohibit a temporary employee from bringing a tort action against a temporary employer. Cooper maintains that a temporary employer is always a third party in reference to a temporary employee because there is no employer/employee relationship. According to Cooper, if the temporary employer did not have immunity from tort actions, an action could be brought by the temporary employee under sec. 102.29(1). Cooper completes its argument with the proposition that if the legislature intended to have a temporary employer governed by the exclusive remedy provision of sec. 102.03(2) and subject to the dual *persona* doctrine, the legislature would have included temporary employers in the list of persons protected by sec. 102.03(2).

Cooper argues a distinction without a difference. Throughout the history of the worker's compensation law the courts of this state have effortlessly interchanged the phrase "immunity" for the statutory phrase "exclusive remedy" when discussing the prohibition of tort actions by an injured employee against an employer. In *Guse v. A.O. Smith Corp.,* 260 Wis. 403, 51 N.W.2d 24 (1952), the supreme court held that a spouse could not bring an action for loss of consortium. In

discussing the extinguishment of fault-based litigation in the employer/employee setting, the court wrote:

> In enacting the [worker's compensation] act, the legislature intended to impose upon employers an absolute liability, regardless of fault; and in return for this burden, intended to grant employers *immunity from all tort liability* on account of injuries to employees.

*Id.* at 406-07, 51 N.W.2d at 26 (emphasis added). In *Schweiner,* we discussed the concept of "worker's compensation-employer immunity." *Schweiner,* 120 Wis. 2d at 353, 354 N.W.2d at 772.

Cooper's reliance on *Gansch* is misplaced. *Gansch* does nothing more than confirm that sec. 102.29(6), Stats., is a legislative reaction to repeated requests from appellate courts to replace the four-part loaned employee test developed in *Seaman Body Corp. v. Industrial Commission,* 204 Wis. 157, 235 N.W. 433 (1931). The purpose of the loaned employee test was to determine whether an injured loaned employee's remedy against an employer who "borrowed" the employee's service would be restricted to a worker's compensation claim. Nothing in the forty-two year history of the loaned employee test suggests that a loaned employee had fewer rights than a regular employee. In fact, it is clear that under the loaned employee test, if an injured employee was found to have become the employee of the borrowing employer, the injured party and the employer were entitled to the rights and protections of the worker's compensation statutes. *See Meka v. Falk Corp.,* 102 Wis. 2d 148, 149-50 & n.4, 306 N.W.2d 65, 67 (1981). There is nothing in *Gansch* that suggests that the purpose of sec. 102.29(6) is any different, nor is there anything to suggest that the

legislature intended to limit the rights of temporary employees.

■

We conclude that the exclusive remedy provisions of secs. 102.03(2) and 102.29(6), Stats., are to be read the same. The dual *persona* doctrine is available to a temporary employee as an exception to the exclusivity of sec. 102.29(6).

*By the Court.*—Judgment reversed and cause remanded.