David SCHAUER, Plaintiff-Appellant,

v.

DIOCESE OF GREEN BAY, SS. Peter and Paul School, Donald Buzanowski, Alias Insurance Company #1, and Alias Insurance Company #2, Defendants-Respondents.

Court of Appeals

*No. 03–2962. Submitted on briefs May 10, 2004.—Decided August 3, 2004.*

2004 WI App 180

(Also reported in 687 N.W.2d 766.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Jeffrey R. Anderson* of *Jeff Anderson & Associates, P.A.*, St. Paul, Minnesota, and *James A. Johnson* of *Johnson & Houlihan, S.C.*, Rhinelander.

On behalf of the defendants-respondents, Diocese of Green Bay and SS. Peter and Paul School, the cause was submitted on the brief of *Patrick W. Brennan, Michele M. Ford* and *Debora A. Fronczak* of *Crivello, Carlson & Mentkowski, S.C.*, Milwaukee.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J. David Schauer appeals a judgment dismissing his claims against the Diocese of Green Bay and Saints Peter and Paul School as time-barred by the statute of limitations. Schauer's claims stem from alleged sexual abuse committed by a priest, Donald Buzanowski, who served in the diocese and at the school. Schauer argues his claims are not time-

barred because (1) Wis. Stat. §§ 893.585 and 895.70[1] extend the statute of limitations where, as here, there is sexual exploitation by a therapist; (2) the diocese and the school discouraged Schauer from pursuing legal action and thus are estopped from raising the statute of limitations as a defense; (3) his claim for negligent retention and supervision did not arise until he discovered it shortly before filing this action; and (4) his claims for fiduciary fraud and breach of fiduciary duty also did not arise until he discovered them just before filing. We disagree with Schauer's first, third and fourth arguments and affirm the circuit court's judgment on those issues. However, we reverse on the second issue —estoppel. Whether the diocese and the school should be estopped from raising the statute of limitations as a defense is a matter for the trial court's discretion. Since the circuit court did not address estoppel and therefore did not exercise its discretion, we remand on this issue.

## BACKGROUND

¶ 2.　This appeal comes to us following a grant of a motion to dismiss the complaint. For the purpose of testing the legal sufficiency of the complaint, we take as true all facts pled and all reasonable inferences from those facts. *Watts v. Watts*, 137 Wis. 2d 506, 512, 405 N.W.2d 305 (1987). According to the complaint, Donald Buzanowski was ordained as a priest in 1968 and served at several parishes in the Diocese of Green Bay. He also served as a teacher and counselor at Saints Peter and Paul School in Green Bay. He has admitted to molesting fourteen boys between 1969 and 1988. At the time of

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

the incident, Buzanowski was employed and supervised by the diocese and the school.

¶ 3. Schauer attended Saints Peter and Paul School. All students were required to have a counseling session with Buzanowski. Buzanowski then requested additional counseling with children he thought needed it. During one of these additional counseling sessions in 1988, when Schauer was ten years old, Buzanowski had sexual contact with Schauer.

¶ 4. Schauer reported the sexual contact to the Green Bay police in 1990. Ultimately, prosecutors chose not to pursue any action against Buzanowski. An official of the diocese, Father David Kiefer, agreed that the diocese would pay for therapy for Schauer. However, Kiefer warned Schauer not to discuss the allegations with anyone or Schauer and his family could be sued for defamation.

¶ 5. Schauer states he developed psychological coping mechanisms after the abuse. These included self-blame, denial, and repression of and disassociation from the experience. As a result, he asserts he did not know or have reason to know the nature of his injuries or how the diocese's and the school's actions caused his injuries until shortly before he commenced this action.

¶ 6. Schauer's complaint alleges three claims against the diocese and the school: (1) negligent retention and supervision, (2) fiduciary fraud, and (3) breach of fiduciary duty. The first claim is based on allegations that the diocese and the school knew or should have known of Buzanowski's prior sexual misconduct against minor children and failed to adequately supervise Buzanowski and protect Schauer. The second and third claims allege that the diocese and the school failed to disclose information to Schauer regarding

Buzanowski's past behavior. Schauer alleges the diocese and the school intentionally withheld the information.

¶ 7. The diocese and the school moved to dismiss, arguing the action was time-barred by the statute of limitations. WISCONSIN STAT. § 893.54 requires an action for civil damages be commenced within three years of the time the claim accrues. Here, the three-year limit was extended because (1) Schauer was a minor at the time of the incident and (2) Schauer joined the military when he turned eighteen. First, WIS. STAT. § 893.16 provides that a minor has two years from reaching age eighteen to file a claim. Further, the Soldier's and Sailor's Civil Relief Act requires that the time of military service does not count against a statute of limitations. 50 U.S.C. § 525. The trial court determined that Schauer turned eighteen in 1996. He joined the military that year and was discharged in 1999. The court held that he had two years from his discharge to file his claims. Since he was discharged in 1999, he had until 2001 to file. Because he did not file until 2003, the court concluded the limitations period had passed. The court granted the motion to dismiss Schauer's claims.[2]

## DISCUSSION

¶ 8. A motion to dismiss tests the legal sufficiency of the complaint. *Bartley v. Thompson*, 198 Wis. 2d 323, 331, 542 N.W.2d 227 (Ct. App. 1995). The motion raises a question of law that we review without deference to

---

[2] The motion to dismiss also argued that the First Amendment to the United States Constitution prohibited Schauer from maintaining an action against the church. The circuit court did not address this issue, and it is not raised in this appeal.

the trial court. *Id.* A complaint is legally insufficient and warrants dismissal if under no circumstances can the plaintiff recover based on the facts alleged. *Williams v. Security S&L Ass'n*, 120 Wis. 2d 480, 482–83, 355 N.W.2d 370 (Ct. App. 1984).

A. WISCONSIN STAT. §§ 895.70 and 893.585

■

¶ 9. Schauer argues that Wisconsin statutes extend the statute of limitations for up to fifteen years when sexual contact occurs during therapy. WISCONSIN STAT. § 895.70(2) states:

> (a) Any person who suffers, directly or indirectly, a physical, mental or emotional injury caused by, resulting from or arising out of sexual contact with a therapist who is rendering or has rendered to that person psychotherapy, counseling or other assessment or treatment of or involving any mental or emotional illness, symptom or condition has a civil cause of action against the psychotherapist for all damages resulting from, arising out of or caused by that sexual contact.

Section 895.70(1)(e) includes in its definition of therapist members of the clergy "who perform[] or purport[] to perform psychotherapy." WISCONSIN STAT. § 455.01(6) defines psychotherapy as "the use of learning, conditioning methods and emotional reactions in a professional relationship to assist persons to modify feelings, attitudes and behaviors which are intellectually, socially or emotionally maladjustive or ineffectual."

¶ 10. The statute of limitations for an action against a therapist is set forth in WIS. STAT. § 893.585:

> (1) . . . an action under s. 895.70 for damages shall be commenced within 3 years after the cause of action accrues or be barred.

(2) If a person entitled to bring an action under s. 895.70 is unable to bring the action due to the effects of the sexual contact or due to any threats, instructions or statements from the therapist, the period of inability is not part of the time limited for the commencement of the action, except that this subsection shall not extend the time limitation by more than 15 years.

¶ 11. In his complaint, Schauer alleges that his sessions with Buzanowski meet the definition of psychotherapy in WIS. STAT. § 455.01(6) because Buzanowski was engaging in a professional relationship to assist Schauer to modify feelings, attitudes and behaviors. Thus, Schauer argues he had a claim under WIS. STAT. § 895.70(2).

¶ 12. Schauer contends his claims accrued when he turned eighteen, in 1996. Further, the statute was tolled for three years during Schauer's military service. *See* 50 U.S.C. § 525. Thus, Schauer contends that under WIS. STAT. § 893.585, the statute of limitations would not have expired for another fifteen years, until 2014. Schauer brought the action in 2003, and therefore contends he filed well within the extended limitations period.

¶ 13. Schauer's argument is contrary to *L.L.N. v. Clauder*, 203 Wis. 2d 570, 552 N.W.2d 879 (Ct. App. 1996). In that case, we held that WIS. STAT. § 895.70 does not extend liability to a therapist's employer. *Id.* at 575. Clauder was a priest serving as a hospital chaplain and resided at the parish house of a Catholic church. While L.L.N. was a patient at the hospital, Clauder counseled her. They continued to meet after L.L.N. left the hospital and eventually began a sexual relationship. *Id.* at 576–77. L.L.N. argued that Clauder used his position to engage her in a sexual relationship. *Id.* at 574. She sought recovery against the diocese alleging,

149

among other things, that § 895.70 created a claim against the diocese for sexual contact with a priest who was a therapist. *Id.* at 575.

¶ 14. We held in *Clauder* that the diocese was not liable under WIS. STAT. § 895.70. That statute unambiguously grants a claim against a therapist, but says nothing about the employer's responsibility for the therapist's actions. *Id.* at 594. We declined to read into the statute language that was not there. *Id.* Similarly, here, Schauer has no claim against the diocese and the school under § 895.70. Even if the statute grants Schauer a claim against Buzanowski as a therapist, that claim does not extend to the diocese and the school. Consequently, the extended statute of limitations in WIS. STAT. § 893.585 does not apply.

¶ 15. Schauer argues, however, that the supreme court reversed our holding in *Clauder*. However, the supreme court's reversal regarded only a First Amendment issue. *See L.L.N. v. Clauder*, 209 Wis. 2d 674, 704, 563 N.W.2d 434 (1997). Holdings not specifically reversed on appeal retain precedential value. *State v. Byrge*, 225 Wis. 2d 702, 717–18 n.7, 594 N.W.2d 388 (Ct. App. 1999), *aff'd,* 2000 WI 101, 237 Wis. 2d 197, 614 N.W.2d 477. Thus, our conclusions in *Clauder* regarding a diocese's liability for a priest's actions remain binding.

B. Equitable Estoppel

¶ 16. Schauer argues that the diocese and the school are equitably estopped from asserting the statute of limitations as a defense. Whether to apply estoppel to preclude a party from raising a defense is within the trial court's discretion. *Gonzalez v. Teskey*, 160 Wis. 2d 1, 13, 465 N.W.2d 525 (Ct. App. 1990). We

affirm the trial court's discretionary determinations if it applied the correct law and, through a logical process, reached a result a reasonable judge could reach. *Rodak v. Rodak*, 150 Wis. 2d 624, 631, 442 N.W.2d 489 (Ct. App. 1989).

¶ 17. A trial court is to consider six factors in deciding whether to apply equitable estoppel. One of these is: "The doctrine may be applied to preclude a defendant who has been guilty of fraudulent or inequitable conduct from asserting the statute of limitations[.]" *Hester v. Williams*, 117 Wis. 2d 634, 644–45, 345 N.W.2d 426 (1984). In his complaint, Schauer asserted that the diocese and the school acted inequitably by threatening Schauer with a defamation suit if he told anyone about the alleged sexual contact. He alleged that the diocese and the school knew or should have known that Buzanowski had sexually abused children before and failed to disclose this fact. Schauer maintains that if the diocese and the school had disclosed it, he would have known earlier that he had an action against them.

¶ 18. The trial court never determined whether to apply estoppel. Thus, there is no exercise of discretion for us to review. Facts need to be developed to ascertain whether the diocese knew of Buzanowski's prior sexual assaults. In addition, there are questions of whether the diocese and the school actually made the threat, what caused the inducement to delay to cease, and whether the delay was reasonable. We therefore remand so the trial court may find facts and exercise its discretion to determine whether the diocese and school should be equitably estopped from raising the statute of limitations as a defense.

## C. The Discovery Rule

¶ 19. Under the discovery rule, a claim accrues on the date an injury is discovered or with reasonable diligence should be discovered, whichever occurs first. *Hansen v. A.H. Robins Co.*, 113 Wis. 2d 550, 335 N.W.2d 578 (1983). Further, in *Borello v. U.S. Oil Co.*, 130 Wis. 2d 397, 406–07, 388 N.W.2d 140 (1986), the supreme court stated that a claim "does not accrue until the nature of the injury and the cause—or at least a relationship between the event and the injury—is or ought to have been known to the claimant."

¶ 20. Schauer maintains he did not realize he had a claim for negligent retention and supervision of Buzanowski until shortly before filing the complaint. Schauer argues that he "experienced delayed discovery of his injuries and their causal relationship to Buzanowski's sexual abuse." He contends that, due to the actions of the diocese and the school, he was led to believe he had no right to take legal action for the sexual abuse. Thus, he maintains he filed timely based on the discovery rule.

¶ 21. However, Schauer's argument is undermined by the supreme court's decision in *Doe v. Archdiocese of Milwaukee*, 211 Wis. 2d 312, 565 N.W.2d 94 (1997), which is factually similar to this case. *Doe* was a consolidation of several sexual assault cases that had been dismissed by the trial court because the statute of limitations had expired. The victims asserted claims against the priests who committed the assaults. They also asserted claims against the churches and the Archdiocese of Milwaukee for negligent employment, training and supervision of the priests. *Id.* at 318–19.

The victims alleged they could not discover their injuries earlier due to repressed memories, coping mechanisms, and psychological distress. Thus, they argued the discovery rule applied to their claims.

¶ 22. The supreme court noted that the victims knew the perpetrators as parish or school priests and knew the perpetrators engaged in the sexual contact. Thus, the victims knew the identity of the perpetrators and the nature of the injury no later than the time of the last sexual assault. *Id.* at 340–41.

¶ 23. The court further concluded that the victims had a duty to inquire into the injuries that resulted from the tortious activity. The court concluded

> that because the acts complained of were conducted intentionally, and without the consent of the minor victims, that each of the five plaintiffs discovered or, in the exercise of reasonable diligence, should have discovered that he or she was injured at the time of the assaults. Further, when a conscious person perceives an immediate injury, the causal link is obvious. We therefore also conclude, as a matter of law, that each of these five plaintiffs discovered or, in the exercise of reasonable diligence, should have discovered the cause of their injury at least by the time of the last incident of assault.

*Id.* at 342 (citation omitted).

¶ 24. Importantly here, the court held that, as a matter of law, "a claim of repressed memory of past sexual abuse does not delay the accrual of a cause of action for non-incestuous sexual assault, regardless of the victim's minority and the position of trust occupied by the alleged perpetrator." *Id.* at 364. Thus, the supreme court concluded that the victims' complaints against the priests were barred by the statute of limitations.

¶ 25. As a result, the court determined it "need not address their claims based on respondeat superior and negligent employment theories. Plaintiffs' derivative causes of action against the Archdiocese and the churches accrued at the same time that the underlying intentional tort claims accrued, and similarly would be barred by the statute of limitations." *Id.* at 366 (citing *Pritzlaff v. Donovan,* 194 Wis. 2d 302, 312, 533 N.W.2d 780 (1995) (statute of limitations period for actions against the Archdiocese begins on same date as the cause of action accrued against the individual priest defendant)).

¶ 26. We must apply the *Doe* holding to this case. Schauer knew Buzanowski through church and school and knew that Buzanowski engaged in sexual contact with him. Schauer discovered or, in the reasonable exercise of diligence, should have discovered that he was injured at the time of the assault. Thus, Schauer's claim of negligent retention and supervision against the diocese and the school accrued at the same time as his claims against Buzanowski. Consequently, as a matter of law, the discovery rule does not apply to his claim against the diocese and the school.

D. Fiduciary Claims

¶ 27. Schauer argues he has pled viable claims for fiduciary fraud and breach of fiduciary duty. The point of this argument escapes us because the trial court did not rule otherwise. Instead, the trial court ruled that the claims were beyond the statute of limitations. Schauer only addresses the trial court's ruling in a one-sentence summary at the end of his fiduciary fraud argument. He states without elaboration that the claim

is not time-barred because he did not know nor could he have known that he had the claim until shortly before he filed his complaint. Schauer does not even mention the issue of the statute of limitations in his breach of fiduciary duty argument.

¶ 28. Schauer's one-sentence assertion about the statute of limitations adds nothing to his previous discovery argument. Further, *Doe* once again governs. There, the victims alleged breach of fiduciary duty against churches and the archdiocese. *Doe*, 211 Wis. 2d at 328. The supreme court dismissed the derivative claims because they accrued at the time of the last assaults and thus were time-barred. *Id.* at 366–67. The same applies here. Schauer's fiduciary claims are derivative of the underlying assault. Thus, the claims accrued at the time the assault was committed. Schauer's claims are therefore time-barred.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded with directions. No costs awarded.