PER CURIAM.
¶1 Mark Thompson appeals an order dismissing his petition for judicial relief pursuant to WIS. STAT. § 244.16 (2015-16).[1] Mark's petition sought an accounting and judicial review of the conduct of his brother, Jeffrey Thompson, in Jeffrey's capacity as power of attorney for their mother. Mark argues the circuit court erred by dismissing his petition based on a lack of subject matter jurisdiction. For the reasons discussed below, we affirm the order.
BACKGROUND
¶2 In September 2006, Mae Thompson executed a durable power of attorney that appointed her son, Jeffrey, as her agent. According to Mark, Jeffrey acted as Mae's power of attorney from the August 12, 2009 death of their father until Mae's death on March 31, 2016. Jeffery was also the successor trustee of Mae's revocable trust. In April 2017, Mark filed the underlying WIS. STAT. § 244.16 petition in Marathon County, alleging that Jeffrey may have breached his fiduciary duties to Mae, to the detriment of her heirs, because Jeffrey had "failed to make any annual accounting ... for his stewardship" as Mae's power of attorney. Mark consequently sought "an accounting from the beginning day of his acts as attorney-in-fact for [Mae] to date," as well as a determination of Jeffrey's "breach or performance of his fiduciary duty" as power of attorney and successor trustee of Mae's revocable trust.[2]
¶3 Jeffrey moved to dismiss the petition for lack of subject matter jurisdiction, asserting that the probate court had exclusive jurisdiction over administration of Mae's trust and that Mark's petition sought an accounting as beneficiary of the trust. After a hearing, the circuit court granted the motion to dismiss for lack of subject matter jurisdiction, and this appeal follows.
DISCUSSION
¶4 Although we agree with the circuit court's decision to dismiss the petition, we rely on different grounds. See State v. Baudhuin , 141 Wis. 2d 642, 648, 416 N.W.2d 60 (1987) (where the circuit court's decision is correct, we may affirm on grounds not utilized by that court). Here, we conclude the petition was properly dismissed for failure to state a claim. A dismissal for failure to state a claim is a conclusion that "no relief can be granted under any set of facts that plaintiff can prove in support of his [or her] allegations." Morgan v. Pennsylvania Gen. Ins. Co. , 87 Wis. 2d 723, 732, 275 N.W.2d 660 (1979).
¶5 Whether a petition states a claim is a question of law we review de novo. See generally Williams v. Security Sav. & Loan Ass'n , 120 Wis. 2d 480, 482, 355 N.W.2d 370 (Ct. App. 1984). Furthermore, a determination of whether the present petition states a claim involves an interpretation of WIS. STAT. § 244.16. Construction of a statute and its application to a set of facts are also questions of law that we review de novo. Wilson v. Waukesha Cty. , 157 Wis. 2d 790, 794, 460 N.W.2d 830 (Ct. App. 1990). When we interpret statutes, we begin-and usually end-our inquiry with the plain meaning of the text. State ex rel. Kalal v. Circuit Court for Dane Cty. , 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110.
¶6 WISCONSIN STAT. § 244.16(1) provides that certain persons "may petition the circuit court of the county where the principal is present or of the county of the principal's legal residence to construe a power of attorney or review the agent's conduct, and grant appropriate relief." "Principal" is defined as an individual who grants authority to an agent in a power of attorney. WIS. STAT. 244.02(11). Here, the petition was filed after the principal (Mae) had died. Thus, when filed, Mae was no longer present in Marathon County-the county in which Mark filed the petition-nor did she have a legal residence in Marathon County. Under the statute's plain language, one cannot petition for judicial relief under § 244.16 where, as here, the petition is filed after the principal's death. If Mark wanted judicial review of Jeffrey's conduct as power of attorney, he needed to file his § 244.16 petition while Mae was living. Further, because the power of attorney terminated upon Mae's death, see WIS. STAT. § 244.10(1)(a), there is no current power of attorney whose conduct can be reviewed. We therefore conclude that Mark's petition fails to state a claim under the clear language of § 244.16.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

Although Mark's Wis. Stat. § 244.16 petition did purport to seek a determination of Jeffrey's "breach or performance of his fiduciary duty as Trustee or Successor Trustee" of the revocable trust, briefing on jurisdiction ordered by the circuit court makes clear that Mark was seeking "no relief whatsoever concerning the administration of his mother's trust." Mark, in fact, acknowledged that "if he did so it would be in the probate court." Accordingly, Mark has confirmed he was seeking relief only under § 244.16.